# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KARL STORZ ENDOSCOPY-AMERICA, INC. | CIVIL ACTION NO. 16-cv-11874 |
| Plaintiff, | JURY TRIAL DEMANDED |
| v. | COMPLAINT FOR FEDERAL TRADEMARK INFRINGEMENT; FALSE DESIGNATIONS OF ORIGINS AND UNFAIR COMPETITION; TRADEMARK INFRINGEMENT UNDER M.G.L. C. 100H; UNFAIR DECEPTIVE ACTS UNDER M.G.L. C. 93A; COMMON LAW TRADEMARK INFRINGEMENT; UNJUST ENRICHMENT |
| SOLOS ENDOSCOPY, INC. | |
| Defendant. | |

## COMPLAINT

Plaintiff Karl Storz Endoscopy-America, Inc. ("Karl Storz" or "Plaintiff"), by its attorneys, Whitmyer ip Group, brings this Complaint against Defendant Solos Endoscopy, Inc. ("Solos" or "Defendant") and alleges as follows:

## STATEMENT OF THE CASE

1. This is an action for federal trademark infringement and federal unfair competition and false designation of origin of Plaintiff's trademark in violation of the Federal Lanham Act, 15 U.S.C. §§ 1051 *et seq.*, and the statutes and common law of the Commonwealth of Massachusetts, all arising from the Defendant's unauthorized use of Plaintiff's trademark in connection with its promotion, advertising, distribution, offer for sale and/or sale of Defendant's medical and surgical instruments.

2. Plaintiff hereby seeks (1) injunctive relief against Defendant's continued unauthorized, improper and willful commercial use and exploitation of any trademark that is the same as or confusingly similar to Plaintiff's trademark; and (2) all damages arising from Defendant's past and present infringement, including all statutory damages, and Plaintiff's attorneys' fees and costs for having to bring this suit to enforce its trademark rights.

## PARTIES

3. Plaintiff, Karl Storz, is a corporation organized and existing under the laws of the State of California and having an office and principal place of business at 1251 East Grand Avenue, El Segundo, California 90245.

4. Upon information and belief, Solos is a publically held corporation, organized under the laws of the State of Nevada having a principal place of business located at Boston Dedham Commerce Park, 65 Sprague Street, Boston, Massachusetts 02136. The company's stock is traded under the abbreviation "SNDY."

5. Upon information and belief, Solos is doing business as and through www.solosendoscopy.com (the "Website").

## JURISDICTION AND VENUE

6. This Court has jurisdiction pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, and 1338(a) over the federal trademark infringement and false designation of origin and unfair competition, which arise under the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*; and has supplemental jurisdiction pursuant to 28 U.S.C. §§ 1338(b) and 1367 over the state law claims.

7. Solos is based in Boston, Massachusetts and is subject to personal jurisdiction in this District pursuant to M.G.L. c. 223A, §§ 3(a)–(e) because upon information and belief Solos has conducted and will continue to conduct business transactions within the District and through

its Website, and such conduct has and will cause injury to Plaintiff in this District.

8. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1) because Defendant is located "resides" within this District within the meaning of 28 U.S.C. § 1391(c)(2), and pursuant to 28 U.S.C. §1392(b)(2) because a substantial part of the wrongful events giving rise to this action took place in the District and Plaintiff has suffered harm in this District.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

### Karl Storz' Well-Known Trademark

9. The KARL STORZ brand is globally famous for the manufacture and sale of various equipment and instruments for endoscopic and minimally invasive procedures and surgery. KARL STORZ and the equipment and instruments sold under this brand are known worldwide to be synonymous with superior quality.

10. In 1992, Karl Storz launched its first dismantling hand-held instruments for laparoscopy. This series of instruments was branded TAKE-APART® and included, among other things, forceps and scissors (the "Karl Storz Goods").

11. Karl Storz is the owner of the U.S. Trademark Registration for "TAKE-APART," Reg. No. 2085430, in class 10 for "surgical instruments for use in endoscopic procedures," registered on August 5, 1997 (the "Karl Storz Mark"). This registration is valid and subsisting and has become incontestable according to 15 U.S.C. § 1065. *See* **Exhibit A**, a true and correct copy of the TAKE-APART trademark registration, which is incorporated herein by reference.

12. Karl Storz has been extensively and continuously using in U.S. commerce the Karl Storz Mark on the Karl Storz Goods since at least as early as August 1992.

13. Karl Storz is responsible for maintaining control over the quality of its equipment

and instruments, including the Karl Storz Goods, in the U.S.

14.     Karl Storz directly sells and markets the Karl Storz Goods in the U.S. to hospitals, surgery centers, and physician offices.

15.     Karl Storz has developed a reputation for its high quality equipment and instruments, including the Karl Storz Goods, in the U.S.

16.     Karl Storz has used the Karl Storz Mark for nearly twenty-five (25) years on or in connection with the Karl Storz Goods.  As such, the Karl Storz Mark has become a strong identifier of Karl Storz' goods.

17.     By virtue of the long use of the Karl Storz Mark, the high quality of the goods used in connection with said mark, and Karl Storz' substantial marketing and publicity of the Karl Storz Mark, the Karl Storz Mark is now famous and has been famous since long before the activities of the Defendant complained of herein.

## Solos' Infringing Activities

18.     Upon information and belief, Solos is a manufacturer, distributor and seller of instruments and equipment used for endoscopic and minimally invasive surgeries and procedures, including hand held laparoscopic instruments.

19.     Upon information and belief, Solos markets and distributes its goods to hospitals, surgery centers and physician offices.

20.     Long after Karl Storz' adoption and first use of the Karl Storz Mark in connection with its laparoscopic instruments, Solos started to use the Karl Storz Mark, or mark substantially similar thereto, without authorization from Karl Storz, in connection with endoscopic and laparoscopic instruments, including but not limited to scissors and graspers (the "Infringing Goods"). See **Exhibit B,** screenshot from Solos' website promoting and offering for sale the

Infringing Goods, which is incorporated herein by reference.

21. Upon information and belief, Solos markets and sells the Infringing Goods through its physical sales and its Website. The Website is publically accessible to consumers in Massachusetts and those throughout the U.S.

22. In November 2015, Karl Storz discovered that Solos was using the Karl Storz Mark, or mark substantially similar thereto, in connection with the Infringing Goods.

23. On November 20, 2015, Karl Storz, through its attorneys, sent Solos a letter placing Solos on notice of its federal and state rights and long term use of the Karl Storz Mark, as well as demanding that it cease and desist from all use of the Karl Storz Mark. See **Exhibit C**, a copy of the November 20, 2015 correspondence, which is incorporated herein by reference.

24. On March 9, 2016, after receiving no response from and/or observing any compliance of Karl Storz' demands by Solos, Karl Storz, through its attorneys, sent another cease and desist letter to Solos. See **Exhibit D**, a copy of the March 9, 2016 correspondence, which is incorporated herein by reference.

25. To date, Solos continues to use, without authorization from Karl Storz, the Karl Storz Mark, or mark substantially similar thereto, in connection with the Infringing Goods.

26. Solos is not now, nor has it ever been associated, affiliated, or connected with or endorsed or sanctioned by Karl Storz.

27. Karl Storz is not able to monitor, enforce or maintain its quality control standards on the Infringing Goods that Solos is offering for sale and selling.

28. Solos' use of the Karl Storz Mark, or mark substantially similar thereto, in the manner described herein creates the wrongful impression that Solos' goods originate from Karl Storz and/or that such goods are authorized, sponsored or approved by Karl Storz even though

they are not. This confusion causes irreparable harm to Karl Storz and the Karl Storz Mark.

29. Upon information and belief, Solos has been unjustly enriched by the illegal use and misappropriation of the Karl Storz Mark, or mark substantially similar thereto, for its own financial gain.  Additionally, upon information and belief, Solos has unfairly benefited and profited from Karl Storz's outstanding reputation for high quality goods, as well as its significant advertising and promotion of its goods and the Karl Storz Mark for almost the last twenty-five (25) years.

30. Upon information and belief, Solos' acts are willful and deliberate.  Therefore, this case constitutes an exceptional case under 15 U.S.C. § 1117(a).

31. Upon information and belief, Solos' acts will continue unless enjoined by this Court.

32. Karl Storz has no adequate remedy at law.

## COUNT I
## Trademark Infringement Under 15 U.S.C. § 1114

33. Plaintiff repeats and re-alleges each and every allegation in the foregoing paragraphs as if fully set forth herein.

34. The Karl Storz Mark and the goodwill of the business associated therewith in the United States and throughout the world are of great and significant value, and are highly distinctive of the Karl StorzGoods.

35. Defendant's actions described herein have caused and are likely to cause confusion and mistake and to deceive potential customers and the general purchasing public as to the source, origin, or sponsorship of Defendant's goods, and are likely to deceive the public into believing that the goods offered and sold by Defendant originate from, are associated with, or are

otherwise authorized by Plaintiff, all to the damage and detriment, of Plaintiff's reputation, goodwill and sales.

36. Defendant's unauthorized use of the Karl Storz Mark constitutes trademark infringement of the federally-registered TAKE-APART, the full extent of which is presently unknown but is substantial. This has caused damage to Plaintiff and the substantial business and goodwill symbolized by the Karl Storz Mark in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

37. Defendant's actions described above, including the unauthorized use of the Karl Storz Mark in interstate commerce, has caused, and unless restrained will continue to cause, great and irreparable injury to Plaintiff, to the Karl Storz Mark, and to the business and goodwill represented thereby, leaving Plaintiff with no adequate remedy at law.

## COUNT II
## False Designation of Origin and Unfair Competition Under 15 U.S.C. § 1125

38. Plaintiff repeats and re-alleges each and every allegation in the foregoing paragraphs as if fully set forth herein.

39. This claim is against Defendant for trademark infringement, false designation of origin, and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

40. Upon information and belief, Defendant has used, is using, and intends to continue using now and in the future in commerce the Karl Storz Mark for the offer and provision of goods and services in such a way that has and will continue to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendant with Plaintiff.

41. Upon information and belief, Defendant's use of the Karl Storz Mark for the offer and provision of goods and services has likely caused and will continue to cause confusion of the

relevant public and trade.

42. Plaintiff has been and will continue to be damaged by the confusion, mistake, and deception caused by Defendant's use of the Karl Storz Mark.

43. Any defect, objection to or fault found with Defendant's goods and/or services sold or provided under the Karl Storz Mark would necessarily reflect on and seriously injure the reputation Plaintiff has established for its marks and business.

44. Plaintiff does not and has never consented to or authorized Defendant's adoption or commercial use of the Karl Storz Mark for the aforementioned goods and/or services. Defendant therefore has infringed and is infringing the Karl Storz Mark in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

45. Upon information and belief, at all times relevant to this action, including when Defendant first adopted the Karl Storz Mark and commenced commercial use of the Karl Storz Mark on or in connection with the aforementioned goods, Defendant knew of the prior adoption and widespread commercial use of the Karl Storz mark, and Defendant knew of the valuable goodwill and reputation acquired by Plaintiff in connection with the Karl Storz Mark. Defendant's infringement of the Karl Storz Mark is therefore willful.

46. Upon information and belief, Defendant, even after being placed on notice of Plaintiff's rights through Plaintiff's correspondence dated November 20, 2016 and March 9, 2016, continues to use the Karl Storz Mark in commerce. Defendant's infringement of the Karl Storz Mark is therefore willful.

47. Upon information and belief, Defendant's use of the Karl Storz Mark has caused confusion and mistake and the deception of purchasers as to the source of origin of Defendant's infringing goods. Because of the confusion as to the source caused by Defendant's unauthorized

use of the Karl Storz Mark, Plaintiff's valuable goodwill developed at great expense and effort by Plaintiff over the course of the last twenty-five (25) years is being irreparably harmed and is at risk of further damage.

48. Upon information and belief, Defendant's infringement will continue unless enjoined by the Court.

## COUNT III
## Trademark Infringement Under M.G.L. c. 110H

49. Plaintiff repeats and re-alleges each and every allegation in the foregoing paragraphs as if fully set forth herein.

50. Plaintiff holds valid and enforceable common law rights in the Karl Storz Mark by virtue of its use of the mark for nearly twenty-five (25) years.

51. Upon information and belief, Defendant's use of an infringing Karl Storz Mark has caused or is likely to cause consumer confusion and potential consumers to be confused, mistaken, and deceived as to the source of origin, sponsorship or approval of its business.

52. The above-described actions constitute trademark infringement in violation of M.G.L. c. 110H.

## COUNT IV
## Unfair or Deceptive Acts and Practices Under M.G.L. c. 93A

53. Plaintiff repeats and re-alleges each and every allegation in the foregoing paragraphs as if fully set forth herein.

54. Plaintiff and Defendant are engaged in the conduct of trade and commerce within the meaning of M.G.L. c. 93A.

55. The foregoing conduct by Defendant constitutes unfair or deceptive acts and

practices within the meaning of M.G.L. c. 93A.

56. Through the unfair acts and practices described above, Plaintiff has been, and continues to be, damaged by Defendant.

57. Upon information and belief Defendant has profited thereby, and unless its conduct in enjoined, Plaintiff will continue to suffer irreparable injury that cannot adequately be calculated or compensated by monetary damages.

58. Accordingly, Plaintiff seeks injunctive relief pursuant to M.G.L. c. 93A, § 11.

59. By using the Karl Storz Mark in connection with the sale, offering for sale, and/or advertising of goods to consumers in the medical field in connection with the Karl Storz Goods or goods related thereto, Defendant has violated Plaintiff's rights.

60. Accordingly, Plaintiff is entitled to judgment in an amount equal to three times its damages, together with reasonable attorney's fees, pursuant to M.G.L. c. 93A, § 11.

## COUNT V
### Common Law Trademark Infringement

61. Plaintiff repeats and re-alleges each and every allegation in the foregoing paragraphs as if fully set forth herein.

62. Plaintiff's ownership and use of the Karl Storz Mark in the market for the Karl Storz Goods predates the use by Defendant of the same mark, or mark substantially similar thereto, in the same market.

63. Defendant's use in commerce of the Karl Storz Mark constitutes common law trademark infringement in that it is without Plaintiff's consent and is likely to cause consumer confusion as to source and origin.

## COUNT VI
### Unjust Enrichment

64. Plaintiff repeats and re-alleges each and every allegation in the foregoing paragraphs as if fully set forth herein.

65. Upon information and belief Defendant knowingly usurped for itself revenue and property rights belonging to Plaintiff for the purposed of enhancing the commercial value of its own business.

66. As a direct and proximate result of the Defendant's actions, Plaintiff has suffered, and will continue to suffer, loss of profits by virtue of Defendant's conduct.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

A. That judgment be entered in favor of Plaintiff and against Solos on each and every Claim in this Complaint;

B. For entry of an order and judgment requiring that Solos and its officers, agents, servants, employees, owners, and representatives, and all other persons, firms, or corporations in active concert or participation with them, be enjoined during the pendency of this action and permanently thereafter from (a) using the Karl Storz Mark, or mark substantially and/or confusingly similar thereto; (b) doing any act or thing calculated or likely to cause confusion or mistake in the minds of the members of the public or prospective customers as to the source of the products offered or distributed by Solos, or likely to confuse members of the public, or prospective customers, into believing that there is some connection between Plaintiff and Solos or any other entity owned by or associated with Solos; (c) otherwise infringing upon the Karl

Storz Mark; (d) otherwise competing unfairly with Plaintiff in any manner;  and (e) assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in parts (a) through (d) of this paragraph;

  C. For entry of an order and judgment directing Solos, pursuant to 15 U.S.C. § 1116(a), to file with this Court and serve upon Plaintiff within thirty (30) days after entry of the injunction, a report in writing under oath setting forth in detail the manner and form in which Solos has complied with the injunction and ceased all offering of products under the Karl Storz Mark as set forth above;

  D. For a judgment in the amount of (a) three times Solos' profits as a result of its wrongful conduct or (b) three times Plaintiff's damages, whichever is greater, pursuant to 15 U.S.C. § 1117 and other applicable law;

  E. Award Plaintiff the costs and disbursements of this action pursuant to 15 U.S.C. § 1117 and other applicable law and  restitution and/or disgorgement of all revenues, earnings, profits, compensation, and benefits that may have been obtained by Solos as a  results of its unlawful and/or fraudulent business actions or practices;

  F. Award Plaintiff its reasonable attorney's fees incurred herein as a result of Defendant's intentional and willful infringement, pursuant to 15 U.S.C. § 1117 and other applicable law;

  G. Award Plaintiff's such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable.

Respectfully Submitted,

Date: September 14, 2016

*/s/ Patrick D. Duplessis*
Patrick D. Duplessis (BBO # 679930)
Wesley W. Whitmyer, Jr. (*pro hac vice* pending)
Walter B. Welsh (*pro hac vice* pending)
Christina L. Winsor (*pro hac vice* pending)
WHITMYER IP GROUP LLC
600 Summer Street
Stamford, CT 06901
pduplessis@whipgroup.com
litigation@whipgroup.com
wwelsh@whipgroup.com
cwinsor@whipgroup.com
Phone: 203-703-0800
Fax: 203-703-0801

*Attorneys for Plaintiff*
*Karl Storz Endoscopy-America, Inc.*